The document below is hereby signed.

Signed: June 29, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-10006 |
| WINDWARD CAPITAL | ) | |
| CORPORATION, *et al.*, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
<u>DENYING AMENDED MOTION FOR PRELIMINARY INJUNCTION</u>

The real property of the plaintiff Akers is scheduled for foreclosure on June 30, 2010.  Akers filed an unsigned motion for preliminary injunction on May 26, 2010 (Dkt. No. 35) and filed a signed version of that motion on June 2, 2010 (Dkt. No. 39).  On June 28, 2010, she filed a request (Dkt. No. 44) for an emergency hearing on the request for injunctive relief.  The motion for preliminary injunction will be denied, and the request for a

hearing will be denied.

As this court observed in denying an earlier motion for preliminary injunction Akers had pursued, a motion for preliminary injunction must be supported by affidavits as required by District Court Local Civil Rule 65.1 which provides in pertinent part:

> (c)  APPLICATIONS FOR PRELIMINARY INJUNCTIONS.
>      An application for a preliminary injunction shall be made in a document separate from the complaint.  The application shall be supported by all affidavits on which the plaintiff intends to rely.  The opposition shall be served and filed within seven days after service of the application for preliminary injunction, and shall be accompanied by all affidavits on which the defendant intends to rely.  Supplemental affidavits either to the application or the opposition may be filed only with permission of the court.
>
> (d)  HEARINGS ON APPLICATIONS FOR PRELIMINARY
>      INJUNCTION.
>      On request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the court no later than 21 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties.  The practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible. Accordingly, any party who wishes to offer live testimony or cross-examine an affiant at the hearing shall so request in writing 72 hours before the hearing and shall provide the court and all other parties a list of the witnesses to be examined and an estimate of the time required.  The court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  If practicable, the court shall notify all parties of its ruling on the request to adduce live testimony one business day before the hearing.

Those provisions are made applicable by LBR 7065-1 (referring to an earlier version of the District Court Local Rule prior to its re-numbering).[1]  Without affidavits submitted in support of a motion for preliminary injunction, the court is unable to proceed in an orderly fashion to address such a motion for preliminary injunction.

In any event, the motion for preliminary injunction sets forth no basis for concluding that Akers has a likelihood of succeeding on the merits.  The motion only sets forth insufficient conclusory assertions of wrong unsupported by any specific recitation of facts establishing a wrong.  Windward Capital Corporation's opposition to the motion, in contrast, includes an affidavit laying out facts demonstrating Windward's entitlement to proceed with foreclosure.  Because Akers has shown no likelihood of success on the merits, the motion must be denied.

Although Akers will be harmed by the loss of real estate that is unique, and that is a property into the operation of which Akers has poured her heart and soul, that does not suffice to warrant injunctive relief.  A preliminary injunction is an extraordinary remedy, and a party is not entitled to obtain a preliminary injunction unless there is a clear  showing of

---

[1] The seven-day response time, however, has been altered to 14 days in this adversary proceeding.

entitlement to such relief, including a clear showing of a likelihood of success on the merits.  *Winter v. National Resources Defense Council*, 129 S. Ct. 365, 376 (2008); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Here, Akers has not made even a minimal showing of a likelihood of success on the merits, and any irreparable harm to her is insufficient to warrant entry of a preliminary injunction.

It is thus

ORDERED that the plaintiff's motion for preliminary injunction (Dkt. No. 35 as amended by Dkt. No. 39) is DENIED, and the request (Dkt. No. 44) for an emergency hearing is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.