UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| MARTHA A. AKERS, | * | Case No: 07-00662-SMT<br>Chapter 13 |
| Debtor, | | |
| * * * * * * | * | * * * * * |
| Martha A. Akers | * | |
| Plaintiff, | | |
| | * | |
| v. | | Adv. Pro. No: 10-10006 |
| Windward Capital Corporation | *<br>* | |
| -and- | | |
| Mooring Financial Corporation | | |
| Defendants. | | |
| * * * * * | * | * * * * * |

### DEFENDANTS' PRETRIAL STATEMENT

Windward Capital Corporation ("Windward" or "Lender") and Mooring Financial Corporation (collectively, the "Defendants"), by undersigned counsel, respectfully submits this submits this Pre-trial Statement pursuant to the Scheduling Order dated April 27, 2010 and Local Bankruptcy Rule 16.5(b):

### Statement of Case

On December 5, 2007, Plaintiff Martha Akers ("Akers") initiated these bankruptcy proceedings in Bankruptcy Court seeking relief under Chapter 13 of the Bankruptcy Code, in Case No. 07-00662-SMT. Akers was the owner of a parcel of real

property located in the District of Columbia and commonly known as 1368 H Street, NE, Washington, D.C. 20002 (the "Property").

Akers filed an adversary action in her bankruptcy proceedings for breach of contract against the Defendants as a result of a fire that occurred at the building next to her Property which resulted in apparently limited damage to the Property. The allegations in Plaintiff's Complaint for breach of Deed of Trust fail to assert any claim that would support a judgment against Defendants or be a defense to her default under the Deed of Trust and her failure to make payments under the Promissory Note and Deed of Trust. Plaintiff has no affirmative claim against the Defendants related to the fire because Defendants owed no conceivable duty to Plaintiff, especially one that would result in culpability for a fire at the Property, so no claim exists.

The Court has jurisdiction over this matter as this adversary proceeding arises from the Plaintiff's bankruptcy proceedings and the Property subject to this action is located in the District of Columbia.

### STATEMENT OF CLAIMS MADE BY DEFENDANTS

Defendants seek an award of legal fees, expenses and costs as provided for under the Promissory Note and Deed of Trust for the Property.

### STATEMENT OF AFFIRMATIVE DEFENSES

Plaintiff has failed to show how the Defendants violated the Deed of Trust, Promissory Note, or any other loan document. Other than the blanket assertions in her Complaint, Plaintiff has provided no support for her claims.

Akers sued two separate defendants but made no allegations distinguishing between them. There is no cognizable cause of action against each of the Defendants as

there is no contract provision that would require the Defendants to provide insurance for Akers or have any contractual duty to Akers with respect to a fire on the Property- an obligation Akers was required to meet for the benefit of the Lender. Because there is (i) no contractual duty or obligation of the Defendants to Akers that could provide for damages as a result of the fire; and (ii) no other duty in tort that can be established to provide for the culpability of the Defendants with respect to the fire, the merits of the case are clear that any and all liability on the part of the Defendants should be denied and judgment entered in favor of the Defendants.

In addition to the foregoing, Defendants may raise the following affirmative defenses:

1. Defendants deny either committed any act or omission constituting a violation of any specific performance owed to Plaintiff.

2. Defendants deny either committed any act or omission constituting a violation of any personal and/or property torts owed to Plaintiff.

3. Defendants deny either committed any act or omission constituting any breach of contract.

4. Defendants deny either committed any act or omission constituting property damage and/or personal loss to Plaintiff.

5. Defendants deny either committed any act or omission resulting in the fire mentioned in the Amended Complaint.

6. Defendants deny either committed any act or omission resulting in the failure to restore property and/or business as stated in the Amended Complaint.

7. Defendants deny either committed any act or omission constituting any cause of action alleged (or attempted to be alleged) in the Amended Complaint.

8. Defendants deny that either committed any act or omission constituting a violation or breach of any deed of trust or other document.

9. Defendants deny Plaintiff was injured or damaged in the manner or to the extent alleged and Defendants demand strict proof of all damages.

10. Defendants will rely on all legal defenses available to them at the trial of this matter including, but not limited to, failure to mitigate damages, the doctrine of unclean hands, the doctrine of *laches*, fraud, estoppel, waiver, contributory negligence, assumption of the risk, misuse, consent, ratification, alteration, condonation and any other defense which may become known to Defendants as this case progresses.

## WITNESSES TO BE CALLED BY DEFENDANTS

1. Liz Schalow, the Director, Asset Management for Windward Capital Corporation, 8614 Westwood Center Drie, Suite 650, Vienna, Virginia, 22182, will testify regarding the Promissory Note, Deed of Trust, loan, amounts due to lender, and the foreclosure sale of the Property.

2. Heather James, Esq., Trustee, Whiteford, Taylor & Preston, LLP, 1025 Connecticut Avenue, N.W., Suite 400, Washington, D.C. 20036, will testify regarding amounts due to the lender and the foreclosure sale of the Property.

3. Martha A. Akers, Plaintiff, 1319 Fairmont Street, NW, Washington, DC 20009.

## EXHIBITS TO BE OFFERED IN EVIDENCE BY DEFENDANTS

Unless otherwise noted, all exhibits will be offered at trial:

1. Amended Complaint filed on February 1, 2010

2. Second Amended Complaint filed on April 30, 2010

3. Deed of Trust dated July 26, 2000

4. Promissory Note dated July 26, 2000

5. Order Confirming Plaintiff's Second Amended Plan filed January 14, 2008

6. Bankruptcy Court Order dated February 26, 2010 granting Defendants' Relief Stay Motion

7. Bankruptcy Court Order dated May 4, 2010 denying Plaintiff's Motion for Preliminary Injunction filed on February 24, 2010

8. Bankruptcy Court Order dated June 29, 2010 denying Plaintiff's Motion for Preliminary Injunction filed on May 26, 2010 and June 2, 2010

9. Bankruptcy Court Order dated July 26, 2010 denying Plaintiff's Emergency Motion for Preliminary Injunction filed on July 7, 2010

10. Foreclosure Notice dated April 27, 2010

11. Foreclosure Notice dated May 27, 2010

12. Akers Past Due Statement dated June 25, 2010

13. Washington Times Foreclosure Adverstisement

14. Memorandum of Sale dated June 30, 2010

15. District of Columbia Business Orgnaization Registration Information sheet dated June 30, 2010 (*may offer at trial*)

16. Affidavit of Liz Schalow

17. Affidavit of Heather James

18. Whiteford, Taylor & Preston, LLP legal invoices

19. Costs and expenses from June 30, 2010 foreclosure sale

20. Any documents necessary for rebuttal purposes.

21. Any documents necessary for impeachment.

22. Any documents identified or called by any other party.

23. Any documents needed to authenticate, or supplement/aid the authentication, of documents/exhibits.

24. Defendants reserve the right to amend this list as additional documents become known.

## DESIGNATION OF DEPOSITIONS TO BE OFFERED IN EVIDENCE BY DEFENDANTS

Defendants do not anticpate the need for an expert witness in this case.

## ITEMIZATION OF DAMAGES DEFENDANT SEEKS TO RECOVER

1. As of September 21, 2010, Akers owed $135,400.92 under the Note comprised of: $59,410.51 in principal; $9,873.17 in interest; $468.00 in late charges; and $65,649.24 in attorneys' fees, expenses and other costs. Attorneys' fees and costs will continue to accrue until the case is resolved

2. Order granting judgment in favor of the Defendants and denying any and all liability of the Defendants

3. Order denying Plaintiff's Motion to Void Foreclosure Sale

## REQUEST FOR RELEIF SOUGHT BY DEFENDANTS

Defendants seek an Order from the Court denying any and all liability on the part of the Defendants, judgment in favor of the Defendants, an Order denying Plaintiff's Motion to Void Foreclosure Sale, and an Order awarding Defendants attorneys' fees and costs.

Dated: October 5, 2010						Respectfully submitted,

/s/ Jane S. Rogers
Jane S. Rogers, Esquire (#459595)
Tiffany M. Releford, Esquire (#494732)
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036-5405
(202) 659-6800
jrogers@wtplaw.com
treleford@wtplaw.com
*Attorneys for Windward Capital Corporation and Mooring Financial Corporation*

## CERTIFICATION OF SERVICE

I, Jane S. Rogers, certify that I am, and at all times hereinafter mentioned was, 18 years of age or older; and that on the 5th day of October, 2010, I served a copy of the foregoing Pretrial Statement on the following:

Martha A. Akers
1319 Fairmont Street, NW
Washington, DC 20009
*Pro Se*

Cynthia A. Niklas
4545 42nd Street, NW, Suite 211
Washington, DC 20016-4623
*Trustee*

by first class mail, postage prepaid.

Dated: October 5, 2010

/s/ Jane S. Rogers
Jane S. Rogers, Esq.

256353