The document below is hereby signed.

Signed: October 12, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-10006 |
| WINDWARD CAPITAL | ) | Not for Publication in |
| CORPORATION, *et al.*, | ) | West's Bankruptcy Reporter |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
<u>AMENDED MOTION TO VOID FORECLOSURE SALE</u>

On July 7, 2010, the debtor filed an amended motion to void a foreclosure sale (Dkt. No. 54). The motion asks the court (1) to issue a preliminary injunction staying the enforcement of Windward Capital Corporation *et al.* or any assigner of servicing

rights to proceed with foreclosure on the property,[1] and (2) to set a hearing to address several matters, including the debtor's request to rescind the foreclosure sale, the allegation that the defendants Mooring Financial Corporation and Windward Capital Corporation wrongfully foreclosed on the debtor's property for amounts not owed, the allegation that Mooring Financial Corporation and Windward Capital Corporation knowingly violated provisions in the Deed of Trust and existing laws, the debtor's request that the court compel the defendants to allow the debtor to cure, and the debtor's request for an order allowing the debtor to redeem the property.  The plaintiff has offered no evidence in support of her motion, and instead offers only conclusory assertions of wrong unsupported by a recitation of specific facts establishing a wrong.

   The defendants, Windward Capital Corporation and Mooring Financial Corporation, have filed a response (Dkt. No. 66) that is supported by an affidavit signed under penalty of perjury. Included with the affidavit is a copy of the promissory note reflecting the original loan amount of $63,750.00, the related deed of trust, a notice of the foreclosure sale directed to Akers, a copy of the past due statement provided to Akers

---

[1] The motion actually asks the court to issue an emergency _motion_ for preliminary injunction.  The court will assume that what the debtor intended was a request for a preliminary injunction.

2

reflecting an overdue balance of $39,938.10, and a copy of the advertisement of the foreclosure sale.  The affiant represents that the foreclosure sale was noticed up and advertised, that Akers did not cure the default on the Deed of Trust, and that the foreclosure was conducted in accordance with the terms of the Deed of Trust and applicable law in the District of Columbia.

The debtor has filed a reply (Dkt. No. 73), arguing that the adjudication of this matter is stayed pending the resolution of the debtor's appeal now pending in the United States District Court (Dkt. No. 47).  The debtor's notice of appeal, however, related to this court's denial of the debtor's motion for a preliminary injunction to prevent the foreclosure sale from going forward.  The instant motion was filed after the filing of the notice of appeal, and is predicated on the allegation that a wrongful foreclosure has occurred, not that it will take place at some time in the future.  The filing of the appeal as to the court's prior order denying the debtor's motion for a preliminary injunction does not preclude this court from ruling on new

matters as they arise in this adversary proceeding.[2]

The debtor's reply, like the motion, offers no specific facts or evidence in support of the debtor's requested relief, and it likewise fails to rebut or even respond to the evidence offered by the defendants in support of their opposition. Accordingly, the court finds that the debtor has failed to establish a likelihood of prevailing on the merits such that she would be entitled to a preliminary injunction. The court likewise finds that the debtor has failed adequately to raise any

---

[2] Citing to D.C. Code § 11-921, a statute that confers on the D.C. Superior Court subject matter jurisdiction over certain matters, the debtor also argues that this court lacks jurisdiction over this dispute. The debtor further contends that the court has either erroneously or voluntarily engaged in inappropriate activity by entertaining this motion. The court is mindful that the debtor's adversary complaint alleged that this court's jurisdiction is based on D.C. Code § 11-921, and as such, the court will not read too much into the debtor's current citation of this D.C. Code provision. To the extent the debtor has invoked D.C. Code § 11-921 to suggest that this matter should be before the Superior Court rather than the bankruptcy court, however, even if the Superior Court would have subject matter jurisdiction over this dispute had the complaint been filed in that court, pursuant to 28 U.S.C. § 1334, the U.S. District Court, and by extension this court, has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." This adversary proceeding falls within the bankruptcy court's related to jurisdiction because the outcome of the proceeding could conceivably affect the administration of the debtor's estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984) (setting forth the relevant test for determining whether a proceeding is related to a bankruptcy case); *In re Price*, 403 B.R. 775, 778 (Bankr. E.D. Ark. 2009) (bankruptcy court had related to jurisdiction over chapter 13 debtor's state law causes of action, including claims for breach of contract and wrongful foreclosure).

issue that would warrant a hearing.  For all of these reasons, it is

    ORDERED that the defendant's motion to void the foreclosure sale (Dkt. No. 54) is DENIED.

                                        [Signed and dated above.]


Copies to: All counsel and parties of record; Office of United States Trustee.