The document below is hereby signed.

Signed: October 12, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-10006 |
| | ) | |
| WINDWARD CAPITAL | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | **Not for publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE OPPOSITION TO
MEMORANDUM DECISION AND ORDER DATED JULY 25,
<u>2010 DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION</u>

On February 2, 2010, the plaintiff, Martha Akers, commenced the above-captioned adversary proceeding seeking compensatory damages from the defendants under multiple theories of recovery. On February 22, 2010, Akers filed a motion for preliminary injunction. In a memorandum decision and order entered May 4, 2010, I denied Akers's motion on the basis that the motion was not accompanied by an affidavit, as required by District Court

Local Civil Rule 65.1 (made applicable in bankruptcy proceedings by Local Bankruptcy Rule 7065-1). On May 26, 2010, Akers filed her motion anew, still failing to include an affidavit. Akers subsequently amended her motion on June 2, 2010, and ultimately filed an affidavit in support of the amended motion on June 28, 2010. In a memorandum decision and order entered on June 29, 2010, I denied Akers's renewed motion for preliminary injunction on the alternative bases that Akers had failed to submit an affidavit and, in any event, had failed to show a likelihood of succeeding on the merits.

On June 29, 2010, Akers filed a notice of appeal of the June 29, 2010, order denying her renewed motion for preliminary injunction. On July 30, 2010, the appeal was transmitted to the district court and remains pending there. Prior to the transmission of the appeal, however, Akers filed a 3rd motion for preliminary injunction on July 7, 2010, that was substantively the same as her second motion but included an affidavit and several additional exhibits. In a memorandum decision and order signed July 25, 2010, I denied Akers's motion on the basis that, like the June 2, 2010, motion for preliminary injunction, Akers had failed to demonstrate a likelihood of success on the merits. Akers has now filed a document entitled Opposition to Memorandum Decision and Order Dated July 25, 2010 Denying Emergency Motion for Preliminary Injunction (Dkt. No. 69). For the reasons that

follow, I will deny the Opposition to the extent it is a motion for reconsideration and otherwise strike it.

First, to the extent the filing is in fact an opposition to the court's July 29, 2010, it must be stricken. An opposition is not an appropriate response to a decision and order of the court. Rather, if it was Akers's intent to appeal the order or ask the court to reconsider, the appropriate response was to file a notice of appeal or motion to reconsider, respectively.

Second, to the extent Akers's Opposition could be read as a motion to reconsider, I will deny it because it fails to set forth a valid basis for relief. Under Federal Rule of Bankruptcy Procedure 9023, a party may file a motion to alter or amend a judgment within 14 days of the entry of the judgment. In filing a motion to reconsider, however, a party must set forth grounds that would warrant the court setting aside its prior order. Akers sets forth what appears to be two bases for reconsideration. I will address each in turn.

Akers first states that the defendants violated specific provisions of the deed of trust and Section 6 of the Real Estate Settlement Procedures Act (12 U.S.C. § 2605) (RESPA) and that these violations constitute "an impairment of an obligation of contract, prohibited by Article I, Section 10, Clause 1 of the United States Constitution." Moreover, the motion states that "[t]he absents [sic] of the Court [sic] Intervention abrogates

3

and impairs invested [sic] rights of the Plaintiff.  This violates the separation of powers principle inherent in the constitutional frame [sic] work."  This is an argument that Akers raised in her original motion, and, likewise, is without merit.

The contracts clause of the Federal Constitution limits the abilities of states to impair private contracts:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . .

U.S. CONST. art. 1, § 10, cl. 1.  By its express terms, then, the contracts clause is a limit on state governments.  It does not speak to breach of contract issues between individuals.  Moreover, to the extent Akers's argument could be construed as contending that this court's actions (or inaction) constitutes an impairment of contract, the contention is similarly unavailing.  The contracts clause does not affect the ability of court's to "pass[] upon the validity and effect of a contract under a constitution or laws when it is made."  *Long Sault Dev. Co. v. Call*, 242 U.S. 272, 280 (1916).  Lastly, I fail to conceive how this court's denying Akers's motion for preliminary injunction violates separation of powers, and Akers's motion sets forth no basis for so finding.

The second argument the Opposition raises is that the court

abused its discretion in denying her motion for preliminary injunction when it cited to "a trial court decision without prior submissions of evidence or hearing argument." Presumably, Akers is referring to the court's citations to *Winter v. National Resources Defense Council*, 129 S. Ct. 365, 376 (2008), and *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), in the order denying her amended motion for preliminary injunction for the proposition that a party is not entitled to a preliminary injunction absent a clear showing of likelihood of success on the merits. Contrary to Akers's argument, however, it is beyond contention that courts are permitted, and in fact are expected, under the doctrine of *stare decisis* to cite to and rely upon prior court decisions for the purpose of determining the applicable law, regardless of whether the parties have cited to the cases or statutes upon which the court relies.

A separate order follows.

[Signed and dated above.]

Copies to: Martha Akers; All counsel of record.