## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:
MARTHA A. AKERS
    Debtor

* * * * * *

MARTHA A. AKERS.
    Plaintiff
v.

WINDWARD CAPITAL CORPORATION, et al

Case No. 07-00662-SMT
Chapter 13

**FILED**
OCT 19 2010
Clerk, U.S. District and Bankruptcy Courts

Adversary Proceeding
No. 10-10006

### MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSES TO SUMMARY JUDGMENT MOTION

The Plaintiff, Martha Akers filed the complaint in this matter against Defendant's Windward Capital Corporation, et al to address the Defendant's continues waiver from the Deed of Trust with conscious and deliberate conduct. After the fire at the adjoining property, that damaged Plaintiff property. Defendant carrying Hazard Insurance for said property at Plaintiff expense has failed to take reasonable steps to mitigate the damages, thus barring any recovery by Defendant. It's undisputed the District of Columbia has jurisdiction over this matter. The Deed of Trust is the controlling document.

Defendant's fraudulent, negligent and criminal actions supported with documents of the Defendant violations of the provisions of the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract prohibited by Article I, Section 10, Clause 1 of the United States Constitution. The explicit provisions entitle in the Deed of Trust in violation.

Provision Title:
    a.    Foreclosure, Forfeiture, etc.
    b.    Notice of Sale.
    c.    Notices to Grantor and other parties.
    d.    Property Damage Insurance

  e. Right To Contest
  f. Attorneys' Fees: Expenses
  g. Compliance with Governmental Requirements

1. A Preliminary injunction was outplayed / has no standing in lieu of said contract.

2. The Court has granted the Defendant segregation, division and self-sufficiency in the Deed of Trust (contract) against the laws relating to contracts that hold the Binding Effect, The covenants, obligations and conditions in the Deed of Trust, shall be binding on and inure to the benefit of the heirs, judicial system and administration of justice or a judge.

3. Defendant claims are barred, in whole, by waiver of contractual provisions in the Deed of Trust which constituted an obligation with restraints.

4. The Agreement shall not be modified or amended in any way except through a written amendment signed by all of the parties hereto.

### STATEMENT OF POINTS AND AUTHORITY FOR PENDING RECUSAL AND CERTIFICATION MOTION

I. Plaintiff motion assert these two grounds for recusal included in the section referenced (1) The judge's impartiality might reasonably be questioned and (2) the judge has a personal bias or prejudice or personal knowledge of facts relevant to the case.

II. Upon consideration of the motion and the record the Court. The court should grant motion accordingly, and certify the motion and this case to the District Court because Judge S. Martin Teel violated Plaintiff's Sixth Amendment rights to effective assistance of Counsel, by consistently denying Plaintiff's pleadings for counsel based on the asserted damages sustained from the acts of the Defendant and the Federal Bureau of Investigation

III. Regardless of how the pro se Plaintiff styled her motion, a court must review the motion based on the substance. See Gonzales v. Crosby, 545 U.S. 524, 531 (2005)

holding that a court should treat a Rule 60(b) motion that presents omitted claims of constitutional error as a successive habeas petition under 28 U.S.C. 2254); united States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003("[T]he proper treatment of [a 60(b) seeks a remedy for some defect on the colleteral review process. See Winestock, 340 F.3d at 207 See Castro v. United States, 540 U.S. 375 (2003), held that a court cannot recharacterize a pro se motion as an initial motion without first notifying the Plaintiff and allowing the Plaintiff to withdraw or amend the pleading.

WHEREFORE, the Plaintiff submits this motion.

October 18th, 2010

Martha A. Akers

## Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff Responses to Defendant Motion for Summary Judgment, together with a memorandum of points and authorities in support thereof and a proposed Order were mailed, regular mail, postage prepaid, this 19th day of October, 2010 to:

Martha A. Akers
1319 Fairmont St, N.W.
Washington, DC 20009

Jane S. Rogers, Esquire

Tiffany M. Releford, Esquire.
Whiteford, Taylor & Preston, LLP
1025 Connecticut Ave, NW, 400
Washington, DC 20036-5405

Cynthia A. Niklas, Trustee
4545 42nd Street, N.W. Suite 211
Washington, DC 20016-4623.