IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 16 2010

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| IN RE: | | |
| MARTHA A. AKERS | * | Case No. 07-00662-SMT |
| Debtor | * | Chapter 13 |
| * * * * * * * * * * * * | * | |
| | * | |
| MARTHA A. AKERS, | * | Adversary Proceeding |
| Plaintiff | * | No. 10-10006 |
| v. | * | |
| | * | |
| WINDWARD CAPITAL CORPORATION, et al | * | |
| Defendant | * | |

### AMENDED PRAECIPE FOR DISMISSAL

Plaintiff states the following: A Preliminary injunction was outplayed / has no standing

in lieu of said contract. Judge S. Martin Teel has granted the Defendant segregation,

division and self-sufficiency in the Deed of Trust (contract) against the laws relating to

contracts that hold the Binding Effect, The covenants, obligations and conditions in the

Deed of Trust, shall be binding on and inure to the benefit of the heirs, judicial system and

administration of justice or a judge. This Court has violated Judicial Code, 28 U.S.C.

Section 455(a) (1) The judge's impartiality might reasonably be questioned and (2) the

judge has a personal bias or prejudice or personal knowledge of facts relevant to the case.

Plaintiff is not receiving justice from the judge, as required by the law and come now to

file this Opposition to Order and support for Recusal Motion and Motion to Dismiss

sighting violations, that are not limited too:

- Discrimination          - Showing favor or disfavor unjustly.
- Inequitable Prosecution - unfair legal punishment
- Persecution             - Harass in such a way as to injure or afflict.
- Denial of Civil Rights  - Relating to the private rights of individuals in legal
                            proceedings (binding contract) in connection with them.

## STATEMENT OF FACTS

1.      Plaintiff filed a chapter 13 bankruptcy petition seeking protection and relief from

creditor's during a period of extreme hardship, afflicted by creditor's to allow financial

Reorganization but Judge Teel's prejudice, bias decisions are persecution and inequitable

prosecution of the Plaintiff has inflicted damages, suffering and further irreparable harm.

2.      Plaintiff's has a factual and proper complaint and case and had hoped

for a prejudice free tribunal, during defense of Defendants violation of the Deed of Trust,

|  | | |
|---|---|---|
| Provision Titles: | a. | Foreclosure, Forfeiture, etc. |
| | b. | Notice of Sale. |
| | c. | Notices to Grantor and other parties. |
| | d. | Compliance with Governmental Requirements |
| | e. | Right To Contest |
| | f. | Attorneys' Fees: Expenses |
| | g. | Property Damage Insurance |

## AFFIRMATIVE DEFENSES

I.      In the Order dated October 12, 2010, this court referenced, Sec. 1915 of 28

U.S.C. authorizes the waiver of fees by "any court of the United State "Court disagree

over whether a bankruptcy court is a "court of the United States" within the meaning of

that statue.

II.      Judge S. Martin Teel violated Plaintiff's Sixth Amendment rights to effective

assistance of Counsel, by consistently denying Plaintiff's pleadings for counsel based on

the asserted damages sustained from the acts of the Defendant.

III.      This court continues to recharacterize Plaintiff's motions. See Gonzales v. Crosby,

545 U.S. 524, 531 (2005)  A court must review the motion based on the substance.

holding that a court should treat a Rule 60(b) motion that presents omitted claims of

constitutional error as a successive habeas petition under 28 U.S.C. 2254); United States

v. Winestock, 340 F.3d 200, 207 (4ᵗʰ Cir. 2003("[T]he proper treatment of [a 60(b) holds

remedy for some defect on the collateral review process. See Winestock, 340 F.3d at 207

See Castro v. United States, 540 U.S. 375 (2003), held that a court cannot recharacterize

a pro se motion as an initial motion without first notifying the Plaintiff and allowing the

Plaintiff to withdraw or amend the pleading.

IV.     The Plaintiff purport that this court has abused its discretion by issuing the

Memorandum Decision and Order's and including in the Order's, trial court decision

without prior submissions of evidence or hearing arguments, as this court has previously

observed, courts are divided, regarding whether a bankruptcy court should hold

jurisdiction and presided over a case with fraudulent, negligent, and criminal activity of a

Creditor.

V.      Federal Rule of Civil Procedure 8(a), sets forth the general rules of pleading, a

complaint must contain "a short, plain statement of the claim showing that the pleader is

entitled to relief .... Be simple, concise, and direct." Fed. R. Civ. P. 8(e).

        The purpose of pleading is to give an adverse party fair notice of the claim so as

to permit the party the opportunity to "file a responsive answer, prepare an adequate

defense and determine whether the doctrine of res judicata is applicable." Prows v. Dep't

of Justice, 1991 WL 111459, at *1 (D.D.C. June 13,1991) (citing Brown v. Califano, 75

F.R.D 497, 498 (D.D.C.1977)). The Defendant's claims are barred, in whole or in part,

because Plaintiff have committed no act or omission causing damage to Defendant.

VI.     The court should be mindful of it's obligation to construe pro se pleadings

liberally,  See Haines v. Kerner, 404 U.S. 519, 520 (1972). As drafted, the Plaintiff has

adequately alleged a breach of contract claim, negligence, personal injury and abuse of

process. The complaint alleges the following: the parties entered into a contract for

mortgage financing on Plaintiff property. Defendant's carrying Hazard Insurance for said

property at Plaintiff expense, after a fire on January 11, 2009 at the adjoining property,

damaged Plaintiff's property. Defendant after receiving notice of damages, acknowledged

liability, then sent out there insurance representative, who's written damage proposal is

clearly flawed, has failed to take any additional and reasonable steps to mitigate the

damages thus barring any recovery by defendant. See generally Compl. These allegations

are sufficient to put Defendants on notice of the Plaintiff's claims and permit the

defendants to prepare an adequate defense.  See Brown, 75 F.R.D. at 498.

VII.     During the hearing on October 15, 2010, Judge S. Martin Teel recited and

acknowledged the facts of the complaint held merit, finally!!, also recited to the

Defendant's, that the Summary Judgment Motion was insufficient as presented. Then

issued Defendant's two and half month's additional time to correct the error with

submission of a amended Summary Judgment pleading  but prior to, clearly reiterated and

denied the case facts held merit and no grounds for intervention with justice. The court

clearly amplifying, the judge is impartial, the judge holds a personal bias to the case.

### CERTIFICATE OF SERVICE

I certify, on November 3, 2010 a copy of this document was sent by regular U.S. Postal mail to:

Tiffany R. Murry, Esq.                          BRAULT PALMER GROVE STEINHILBER &
ROBBINS Jane Saindon Rogers, Esq.       August W. Steinhilber, III, Esquire
Whiteford, Taylor & Preston                3534 Chain Bridge Road, Suite 400
1025 Connecticut Ave, NW, 400            Fairfax, VA 22030
     Washington, DC 20036

                                                              Martha A. Akers, Pro Se
                                                              1319 Fairmont St, NW
                                                              Washington, D.C. 20009