The document below is hereby signed.

Signed: December 20, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-10006 |
| WINDWARD CAPITAL | ) | |
| CORPORATION, *et al.*, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL

The plaintiff, Martha Akers, has filed a motion for stay pending appeal (Dkt. No. 86). In support of her motion, Akers contends as follows:

(a) This court abused its discretion by issuing the Memorandum Decision and Order, including in the Order a trial court decision, without hearing arguments as requested by Plaintiff;

(b) Windward Capital Corporation, et al knowingly committed fraudulent, negligent and criminal acts in violation of the provisions of the Deed of Trust and Section 6 of

        RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract prohibited by Article I, Section 10, Clause I of the United States Constitution . . . ;

  (c)  The [absence] of the Court Stay abrogates and impair[s] invested rights of the Plaintiff [and] [t]his violates the separation of powers principle inherent in the constitutional frame work; and

  (d)  A Stay is necessary [and should be granted] to prevent further error and injustice and no third parties will be unjustifiably harmed if the Stay is granted.

Other than the allegation that a stay is necessary to prevent further error and injustice and that no third parties will be unjustifiably harmed if the stay is granted, all of these conclusory arguments have been raised by the debtor in prior pleadings and rejected by the court.

In determining whether to grant a stay pending appeal, courts in this circuit must consider the following four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the party seeking the stay will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants a stay; and (4) the public interest in granting the stay. *S.E.C. v. Bilzerian*, 641 F. Supp. 2d 16, 19 (D.D.C. 2009), citing *United States v. Philip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003). In light of these four factors, the court concludes that a stay pending appeal is not warranted.

First, Akers' motion fails to demonstrate a likelihood that

Akers will prevail on the merits of her appeal.  In her two-page motion, which consists almost entirely of unsupported and conclusory allegations, Akers simply rehashes arguments that she has already asserted and that have been rejected by the court, without offering any explanation for why the District Court might decide the issues differently.  Second, Akers' motion fails to contend that Akers will suffer irreparable harm absent a stay.  Third, Akers has not shown that other parties will not be harmed absent a stay.  To the contrary, it appears that the imposition of a stay would simply drag this litigation out, requiring the defendants to continue to defend against the complaint indefinitely notwithstanding their pending motion for summary judgment, which could dispose of this matter in its entirety.  Finally, Akers has not shown how the public interest would benefit from the imposition of a stay pending appeal.

Akers' motion having failed to persuade the court that any of the relevant factors weighs in favor of granting a stay pending appeal, it is

ORDERED that the debtor's motion for a stay pending appeal (Dkt. No. 86) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Martha Akers; Office of United States Trustee.